UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

FILED
FEB 1 7 2012
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

MELANIE B FERLITO )
    Plaintiff )
)
) Case No _____
vs )
)
NCB MANAGEMENT SERVICES ) Judge _____
INCORPRATED )
John Does 1 thru 10 )
    Defendant(s) ) Trial by Jury Demanded

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Melanie B. Ferlito, a natural person, who resides in Wake County, North Carolina.

3. The Defendant in this lawsuit is NCB MANAGEMENT SERVICES INCORPORATED an unknown entity with offices at ONE ALLIED DRIVE, TREVOSE, PA 19053

### VENUE

5. The occurrences which give rise to this action occurred in Wake County, North Carolina and Plaintiff resides in Wake County, North Carolina.

6. Venue is proper in the Eastern District of North Carolina.

# GENERAL ALLEGATIONS

7. Plaintiff pulled her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar within the reports.

8. Plaintiff determined that her consumer credit report had been pulled on various occasions by various entities she did not recognize and without her consent.

9. Plaintiff found after examination of her TransUnion consumer credit report that Defendant NCB MANAGEMENT SERVICES INCORPORATED had pulled Plaintiff's TransUnion consumer credit report on the 17th day of November, 2011.

10. Discovery of violation brought forth herein occurred on the 17th day of November, 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681.

## Count I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT NCB MANAGEMENT SERVICES INCORPORATED

11. Paragraphs 1 through 10 are realleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant NCB MANAGEMENT SERVICES INCORPORATED.

18. At no time did Plaintiff give her consent for Defendant NCB MANAGEMENT SERVICES INCORPORATED to acquire her consumer credit report from any credit reporting agency.

19. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

    (2) the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20. The definition of "account" clearly does not include an account such as a credit card open end credit account but does include a demand deposit account, savings deposit or other asset account, which is wholly different. The Defendant stated they were attempting to collect on an alleged credit card account with HSBC Bank USA NA so there was obviously no permissible purpose for the credit pull.

21. In on the 17th day of November, 2011 Defendant NCB MANAGEMENT SERVICES INCORPORATED, obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

22. The action of Defendant NCB MANAGEMENT SERVICES INCORPORATED obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

Wherefore, Plaintiff demands judgment for damages against Defendant, NCB MANAGEMENT SERVICES INCORPORATED for statutory damages of $1000.00, punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law,

Dated: 17th day of February 2012

Respectfully Submitted,

*[signature]*

Melanie B. Ferlito
4920 Arbor Chase Drive
Raleigh, NC 27616
919-878-8174
ferlitos@nc.rr.com

Service to:

NCB MANAGEMENT SERVICES INCORPORATED
ONE ALLIED DRIVE
TREVOSE, PA 19053