FILED
MAR 1 5 2012
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

**MELANIE B FERLITO**
    **Plaintiff**

Case No 5:12-CV-73-D

vs

NCB MANAGEMENT SERVICES INCORPRATED
John Does 1 thru 10
    **Defendant(s)**        **Trial by Jury Demanded**

## FIRST AMENDED VERIFIED COMPLAINT

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is **Melanie B. Ferlito**, a natural person, who resides in Wake County, North Carolina

4. The Defendant in this lawsuit is **NCB MANAGEMENT SERVICES INCORPORATED** an unknown entity with offices at **ONE ALLIED DRIVE, TREVOSE, PA 19053**

### VENUE

5. The occurrences which give rise to this action occurred in Wake County, North Carolina and Plaintiff resides in Wake County, North Carolina.

6. Venue is proper in the Eastern District of North Carolina.

# GENERAL ALLEGATIONS

7. Plaintiff pulled her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar within the reports.

8. Plaintiff found after examination of her TransUnion consumer credit report that Defendant had pulled Plaintiff's TransUnion consumer credit report on the 17th day of November, 2011 without her consent and without permissible purpose.

9. Discovery of violation brought forth herein occurred on the 17th day of November, 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681.

10. On the 18th day of November, 2011, Defendant sent a letter to Plaintiff attempting to collect on a nonexistent alleged debt.

11. Plaintiff disputed in writing the nonexistent alleged debt on the 28th day of November, 2011.

12. As of the filing of this First Amended Verified Complaint, the Defendant has failed to respond in part or in whole to the Plaintiff's dispute and demand for validation of nonexistent alleged debt.

13. As of the filing of this First Amended Verified Complaint, the Defendant has not properly validated the nonexistent alleged debt by FDCPA standards after Plaintiff disputed the nonexistent alleged debt and demanded validation thereof. Validation requires presentment of a copy of the consumer credit contract the account and general ledger statement signed and dated by the party responsible for maintaining the account. Pacific Concrete F.C.U. V. Kauanoe, 62 Haw. 334, 614 P.2d 936 (1980), GE Capital Hawaii, Inc. v. Yonenaka 25 P.3d 807, 96 Hawaii 32, (Hawaii App 2001), Fooks v. Norwich Housing Authority 28 Conn. L. Rptr. 371, (Conn. Super.2000), and Town of Brookfield v. Candlewood Shores Estates, Inc. 513 A.2d 1218, 201 Conn.1 (1986). and Solon v. Godbole, 163 Ill. App. 3d 845, 114 Ill. Dec. 890, 516 N. E.2d 1045 (3Dist. 1987).

14. Violation brought forth herein occurred on the 18th day of November, 2011 and are within the statute of limitations as defined in FDCPA.

## Count I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANT
### NCB MANAGEMENT SERVICES INCORPORATED

15. Paragraphs 1 through 14 are realleged as though fully set forth herein.

16. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

17. Defendant NCB MANAGEMENT SERVICES INCORPORATED is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2

18. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

19. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

20. FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

21. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

22. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant.

23. At no time did Plaintiff give her consent for Defendant to acquire her consumer credit report from any credit reporting agency.

24. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.
(2) the term "account" means a demand deposit, savings deposit, or other asset account(other than an occasional or incidental credit balance in an open end credit plan as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

25. The definition of "account" clearly does not include an account such as a credit card or open end credit account but does include a demand deposit account, savings deposit or other asset account, which is wholly different. The Defendant stated they were attempting to collect on an alleged credit card account with HSBC Bank USA NA so there was obviously no permissible purpose for the credit pull.

26. On the 17th day of November, 2011 Defendant obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

27. The action of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

Wherefore, Plaintiff demands judgment for damages against Defendant, NCB MANAGEMENT SERVICES INCORPORATED for statutory damages of $1000.00, punitive damages to be determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## Count II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 ET. SEQ. BY DEFENDANT NCB MANAGEMENT SERVICES INCORPORATED

28. Paragraphs 1 through 14 are realleged as though fully set forth herein.

29. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

30. Defendant NCB MANAGEMENT SERVICES INCORPORATED is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6) and by their own admission.

31. Defendant pulled Plaintiff's TransUnion credit report for the purpose of collecting a nonexistent alleged debt.

32. Defendant violated the FDCPA in an attempt to collect a nonexistent alleged debt. The Defendant's violations include, but are not limited to, the following:

   a) Defendant violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   b) Defendant violated 15 U.S.C. §1692e(2)(a) the false representation of the character, amount, or legal status of any debt.

   c) Defendant violated 15 U.S.C. §1692f(1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Wherefore, Plaintiff demands judgment for damages against Defendant, NCB MANAGEMENT SERVICES INCORPORATED for statutory damages of $1000.00

## Count III

### VIOLATIONS OF NORTH CAROLINA GENERAL STATUTES § 58-70-110(4) BY DEFENDANT NCB MANAGEMENT SERVICES INCORPORATED

33. Paragraphs 1 through 14 are realleged as though fully set forth herein.

34. Plaintiff is a consumer within the meaning of N.C.G.S § 58-70-90

35. Defendant NCB MANAGEMENT SERVICES INCORPORATED is a collection agency within the meaning of N.C.G.S § 58-70-15

36. North Carolina General Statutes allow for penalties for <u>each</u> violation of their collection agencies statutes. N.C.G.S § 58-70-130 Any collection agency which violates Part 3 of this Article with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor for a penalty in such amount as the court may allow, which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000) for each violation.

37. Defendant attempted to collect on a nonexistent alleged debt on 2 separate occasions.

38. Defendant has committed 2 separate violations of N.C.G.S § 58-70-110(4) Falsely representing the character, extent, or amount of a debt against a consumer or of its status in any legal proceeding; falsely representing that the collection agency is in any way connected with any agency of the federal, State or local government; or falsely representing the creditor's rights or intentions.

Wherefore, Plaintiff demands judgment for damages against Defendant, NCB MANAGEMENT SERVICES INCORPORATED for statutory damages of $500 to $4000 for each of the 2 violations plus actual damages, attorney's fees and costs.

### Count IV

### VIOLATIONS OF NORTH CAROLINA GENERAL STATUTES § 58-70-115(2) BY DEFENDANT NCB MANAGEMENT SERVICES INCORPORATED

39. Paragraphs 1 through 14 are realleged as though fully set forth herein.

40. Paragraphs 33 through 35 are realleged as though fully set forth herein.

41. Defendant NCB MANAGEMENT SERVICES INCORPORATED attempted to collect on a nonexistent alleged debt on 2 separate occasions.

42. Defendant has committed 2 separate violations of N.C.G.S § 58-70-115(2) Collecting or attempting to collect from the consumer all or any part of the collection agency's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge.

Wherefore, Plaintiff demands judgment for damages against Defendant, NCB MANAGEMENT SERVICES INCORPORATED for statutory damages of $500 to $4000 for each of the 2 violations plus actual damages, attorney's fees and costs.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law,
Dated: 15th day of March 2012
Respectfully Submitted,

*Melanie B. Ferlito*

Melanie B. Ferlito
4920 Arbor Chase Drive
Raleigh, NC 27616
919-878-8174
ferlitos@nc.rr.com

Service to:

NCB MANAGEMENT SERVICES INCORPORATED
ONE ALLIED DRIVE
TREVOSE, PA 19053

Notary

I, Tammy T. Ray, a Notary Public in and for the state of North Carolina, hereby certify that Melanie B. Ferlito personally known to me to be the Plaintiff in the foregoing First Amended Verified Complaint, personally appeared before me this day and having been by me duly sworn deposes and says that the facts set forth in the above First Amended Verified Complaint are true and correct.

Witness my hand and official seal this the 15 day of March, 2012.

(SEAL)

*Tammy J. Ray*
Notary Public

My Commission expires:
3/20/2015

(SEAL: TAMMY T RAY / NOTARY PUBLIC / WAKE COUNTY, NC)