IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

MELANIE B. FERLITO

    Plaintiff,

vs.

NCB MANAGEMENT
SERVICES, INC.,
John Does 1 thru 10

    Defendant(s).

Civil Action No.:
4:11-cv-00125-MSD-TEM

_____

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff, Melanie B. Ferlito, filed this action against NCB Management Services, Inc. (NCB) alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), and the North Carolina Debt Collection Act, N.C. Gen. Stat. § 75-50, *et seq.* (NCDCA) by: (1) accessing her credit report without a permissible purpose; and (2) sending her a collection notice on a debt she did not owe.

Plaintiff's contentions are wrong. First, NCB had a permissible purpose to access plaintiff's credit report – in connection with the collection of a debt. *See* 15 U.S.C. § 1682b(a)(3)(A). Second, plaintiff fails to assert anything false or misleading in NCB's collection letter. Plaintiff's conclusory allegations that she believes the debt is false are insufficient to state a claim for relief under any of the theories alleged. This lawsuit should be dismissed.

# I. BACKGROUND AND PROCEDURAL HISTORY

The facts in this case are not complicated. NCB is a collection agency that collects debt on behalf of third-party creditors. On November 17, 2011, HSBC Bank USA, NA placed a credit card account in plaintiff's name for collection. *See* Docket No. 6, First Amended Verified Complaint at ¶ 25. On November 17, 2011, NCB accessed plaintiff's credit report in connection with the collection of the debt. *See* Docket. No. 6 at ¶ 8. On November 18, 2011, NCB sent plaintiff a letter seeking to collect the HSBC debt. *Id.* at ¶ 10 and **Exhibit A**, 11/18/11 NCB Collection Notice, which is referenced in the complaint and is attached for the Court's convenience (hereinafter the "Letter").

On November 28, 2011, plaintiff disputed the debt in writing to NCB. *See* Amended Complaint at ¶ 11. NCB did not respond to her letter. *Id.* at ¶ 12. Importantly, plaintiff does not allege, nor could she allege, *any* subsequent attempts by NCB to collect the debt. *Id.*

On February 17, 2012, plaintiff filed this lawsuit against NCB alleging violations of the FCRA for impermissibly accessing her credit report. *See* Docket No. 1, Complaint. On March 15, 2012, plaintiff amended her complaint, asserting additional claims under the FDCPA and NCDCA. *See* Docket No. 6, Amended Complaint.

Plaintiff asserts 4 claims against NCB – Count 1 alleging violations of the FCRA, Count 2 asserting violations of the FDCPA, and Counts 3-4 alleging violations of the NCDCA. In shortest summary, plaintiff alleges that NCB violated federal and state law by accessing her credit report and sending her a collection letter on the "nonexistent"

HSBC debt. Because plaintiff fails to state a claim upon which relief may granted, all 4 claims warrant dismissal.

## II. LAW AND ARGUMENT

Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) require a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under the *Twombly* standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, (2009), quoting *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although a complaint does not require detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The *Twombly* Court explained the purpose of Rule 8(a)(2) is to "give the defendant fair notice of the claim and the grounds upon which it rests." *Id.* When the allegations in a complaint fail to sufficiently state a claim showing that the plaintiff is entitled to relief, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. While a pro se complaint is entitled to a liberal construction, "even a pro se complaint must contain enough factual allegations to state a claim to relief that is plausible, not merely

speculative." *Campbell v. Commercial Equip., Inc.*, 5:10-CV-00313-WW, 2011 WL 3925068 (E.D.N.C. Sept. 7, 2011).

## A.  Plaintiff Fails to State an FCRA Claim

Plaintiff alleges in Count I that NCB violated the FCRA by obtaining her consumer report without a permissible purpose in violation of 15 U.S.C. § 1681b. Section 1681b(a)(3)(A) provides that a consumer reporting agency may furnish a consumer report to "a person which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . collection of an account of, the consumer."

Federal case law is clear – under "section 1681b(a)(3)(A), a party is permitted to obtain an individual's credit information in connection with the collection of a debt." *Perretta v. Capital Acquisitions & Management Co.*, 2003 WL 21383757 at *5 (N.D. Cal. 2003) (The collection letter sent "plainly states that defendant was attempting to collect a debt from plaintiff.  Since it appears that if in fact defendant obtained plaintiff's consumer report it was in connection with an effort to collect a debt, plaintiff's FCRA claim fails."); *see also Huertas v. Galaxy Asset Management,* 641 F.3d 28, 34 (3d Cir. 2011) (Debt collector obtained the consumer's credit report from the credit reporting agency for a purpose authorized by the FCRA when the consumer sought credit from the creditor, which he received, and accumulated credit card debt, and it was this credit transaction which ultimately resulted in the debt collector's accessing of the consumer's credit report to collect on his delinquent accounts); *Edge v. Prof'l Claims Bureau, Inc.*,

64 F. Supp. 2d 115, 118 (E.D. N.Y. 1999), *aff'd*, 234 F.3d 1261 (2d Cir. 2000) (A debt collector who accesses a credit report "in the collection of a credit transaction involving [p]laintiff" has a permissible purpose.)

"As long as the debt collector has reason to believe that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA." *Robinson v. Greystone Alliance, LLC*, 2011 WL 2601573 (D. Md. 2011) (internal quotations omitted); s*ee also Korotki v. Attorney Servs. Corp.,* 931 F.Supp. 1269 (D.Md. 1996) ("Purpose in obtaining a consumer report was permissible, even though defendant merely had reason to believe plaintiff owed him a debt, and did not have conclusive proof of that fact"); *Cambridge Title Co. v. Transamerica Title Insurance Co.,* 817 F.Supp.1263, 1278 (D.Md. 1992), *aff'd* 989 F.2d 491 (4th Cir. 1993) (So long as user believes that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA).

In the instant matter, NCB ran a credit inquiry on plaintiff with TransUnion on November 17, 2011. *See* Amended Complaint at ¶ 8. One day later, on November 18, 2011, NCB sent plaintiff the Letter, communicating that HSBC placed a debt with NCB for collections. *Id.* at ¶ 10 and Exhibit A. The credit inquiry was in relation to the debt identified in the Letter mailed just one day later. NCB, having received an account in plaintiff's name from HSBC relating to a credit transaction of the plaintiff, had reason to believe plaintiff owed the debt, and therefore had a permissible purpose to access plaintiff's consumer report. Plaintiff's FCRA claim should be dismissed.

## B. Plaintiff Fails to State an FDCPA Claim

Plaintiff's FDCPA claims are also without merit. Plaintiff alleges NCB violated the FDCPA by accessing her credit report and sending a collection letter on a "nonexistent alleged debt." *See* Amended Complaint at ¶ 32. Specifically, plaintiff asserts NCB violated the following provisions of the FDCPA:

- § 1692e(10) – the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

- § 1692e(2)(a) – the false representation of the character, amount, or legal status of any debt; and

- § 1692f(1) – the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

"Plaintiff's mere conclusory statement that [s]he believes the debt is false does not support a claim for relief." *Gray v. Wittstadt Title & Escrow Co., LLC*, 4:11CV111, 2011 WL 6139521 at *3 (E.D. Va. 2011); *see also Sunga v. Broome*, 2010 WL 3198925, *3 (E.D. Va. 2010) ("[B]are assertions that amount to nothing more than a formulaic recitation of the elements do not suffice.") In support of a claim for relief pursuant to § 1692e, a plaintiff must provide factual support as to why and how the amount included in the statement of account is, in fact, false, deceptive, or misleading. *See Dikun v. Streich*, 369 F.Supp.2d 781, 787 (E.D. Va. 2005). "Furthermore, the court need not accept legal conclusions couched as factual allegations . . . or unwarranted inferences, unreasonable conclusions, or arguments." *Goodrow v. Friedman & MacFadyen, P.A.*, 2011 WL 2078086, *2 (E.D. Va. 2011) (internal quotations and citations omitted).

A debt collection letter "is to be interpreted from the perspective of the least sophisticated debtor." *Jarzyna v. Home Properties, L.P.*, 763 F. Supp. 2d 742, 748 (E.D. Pa. 2011) (internal quotations omitted). Whether the letter meets the "least sophisticated debtor" standard is a question of law. *Id.* The least sophisticated consumer standard does not equate to an aloof consumer, but instead one who "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Ellis v. Solomon and Solomon, P.C.,* 591 F.3d 130 (2nd Cir. 2010). "If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA-even if it is false in some technical sense." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009). "For purposes of § 1692e, then, a statement isn't 'false' unless it would confuse the unsophisticated consumer." *Id.*

Here, while plaintiff alleges that by accessing her credit report and by sending her a collection letter on a "nonexistent alleged debt" NCB violated the FDCPA, she does not explain how or why the Letter and accessing of her credit report are false, deceptive, or misleading. In fact, plaintiff does not identify or reference a single excerpt from the Letter whatsoever. In essence, plaintiff has not stated that the letter or credit report "pull" is in any way false, deceptive, or misleading; but rather, that she disputes the debt. This, as the Letter makes clear, is plaintiff's legal right, and one she pursued. But a dispute that one owes the debt, or request for verification, does not make the Letter as a whole "false, deceptive or misleading." Plaintiff fails to plead facts showing how the least sophisticated consumer would be mislead or deceived by the Letter in any way. The least sophisticated consumer would understand the Letter is an attempt to collect the debt

identified in the Letter, and would understand that if she disputes owing it, she has certain legal rights, all as articulated in the Letter. Plaintiff, therefore, fails to allege sufficient facts to state a claim under § 1692e.

Plaintiff also alleges NCB violated § 1692f(1). A debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f. As specifically alleged, a debt collector may not collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1). Plaintiff, however, fails to allege any facts that would bolster her allegation that the HSBC debt identified in the Letter is not authorized by controlling documents or permitted by law. Plaintiff's claims pursuant to § 1692f should be dismissed.

While not specifically alleged, plaintiff references in the Amended Complaint that NCB "failed to respond in part or in whole to the Plaintiff's dispute for validation." *See* Amended Complaint at ¶ 12. In the event that plaintiff intended to include a § 1692g(b) claim, that claim is likewise without merit. Section 1692g(b) provides that upon receipt of a timely dispute, a debt collector shall cease collection efforts until verification of the debt is provided to the consumer. When interpreting § 1692g(b), courts have ruled that the FDCPA is not violated when in response to a dispute a debt collector ceases collection efforts in lieu of providing verification to the consumer. *See Jang v. A.M. Miller & Assocs.,* 122 F.3d 480 (7th Cir. 1997); *Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1031-32 (6th Cir. 1992) (The FDCPA is not violated when a debt collector ceases collecting a debt even though the debt was not verified.); *Sambor v. Omnia Credit*

*Services, Inc.*, 183 F.Supp.2d 1234, 1242 (D. Hawaii 2002) ("Because Omnia 'ceased' collecting the alleged debt, Omnia did not violate the FDCPA by failing to verify Sambor's debt"); *Zamos II v. Asset Acceptance, LLC*, 423 F.Supp.2d 777, 786 (N.D. Ohio 2006) ("No violation of § 1692g(b) exists when a debt collector has 'ceased collection activities'"). NCB did not violate the FDCPA by ceasing collection efforts in response to plaintiff's dispute.

### C. Plaintiff Fails to State an NCDCA Claim

Finally, plaintiff's NCDCA claims fail as a matter of law. Plaintiff alleged that by attempting "to collect on a nonexistent alleged debt on 2 separate occasions," NCB violated the following provisions of the NCDCA:

- N.C.G.S. § 58-70-110(4) – Falsely representing the character, extent, or amount of a debt against a consumer or its status in any legal proceeding; falsely representing that the collection agency is in any way connected with any agency of the federal, State or local government; or falsely representing the creditor's rights or intentions; and

- N.C.G.S. § 58-70-115(2) – Collecting or attempting to collect from the consumer all or any part of the collection agency's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt unless legally entitled to such fee or charge.

*See* Amended Complaint at ¶¶ 37-42. As explained above, plaintiff has failed to allege any facts to support her conclusory allegations of false representations or that NCB was not entitled to collect the HSBC debt. Accordingly, Plaintiff's NCDCA claims must also be dismissed.

## IV. CONCLUSION

Even read in a light most favorable to the non-moving party, plaintiff has failed to state a claim for relief pursuant to the FCRA, FDCPA or the NCDCA. For the foregoing reasons, defendant NCB Management Services, Inc., respectfully requests this Court grant its Motion to Dismiss all claims brought by plaintiff in the First Amended Verified Complaint.

This the 9th day of April, 2012.

Respectfully submitted,

/s/ Amy L. Rich
Amy L. Rich
NC State Bar No. 35176
DOUGHTON & RICH PLLC
633 West Fourth Street, Suite 150
Winston-Salem, NC 27101
Telephone: (336) 725-9416
Facsimile: (336) 725-5129
arich@doughtonrichlaw.com

*Attorney for Defendant,*
*NCB Management Services, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, and I hereby certify that I have mailed via U.S. First Class Mail the document to the following non CM/ECF participants:

    Melanie B. Ferlito
    4920 Arbor Chase Drive
    Raleigh, NC 27616
    *Plaintiff*

This the 9th day of April, 2012.

    /s/ Amy L. Rich
    Amy L. Rich
    NC State Bar No. 35176
    DOUGHTON & RICH PLLC
    633 West Fourth Street, Suite 150
    Winston-Salem, NC 27101
    Telephone: (336) 725-9416
    Facsimile: (336) 725-5129
    arich@doughtonrichlaw.com

    *Attorney for Defendant,*
    *NCB Management Services, Inc.*