UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

FILED
MAY 02 2012
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

MELANIE B FERLITO
    Plaintiff

Case No 5:12-CV-73-D

vs

NCB MANAGEMENT SERVICES INCORPRATED
John Does 1 thru 10
    Defendant(s)

### PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff asks the court to deny defendant's Motion to Dismiss Amended Complaint ("Motion to Dismiss") and states the following:

### Introduction

1. Plaintiff is Melanie B. Ferlito; defendant is NCB Management Services Incorporated.

2. On February 17, 2012 plaintiff sued defendant for violation of the Fair Credit Reporting Act ("FCRA").

3. On March 15, 2012 plaintiff amended the complaint and sued defendant for violation of the FCRA and the Fair Debt Collection Practices Act ("FDCPA").

4. On April 9, 2012 defendant filed a Motion to Dismiss Amended Complaint on plaintiff's cause of action for violations of the FCRA and FDCPA.

5. Motion to Dismiss is improper in this case because there are genuine issues of fact on each element of plaintiff's cause of action for violations of the FCRA: no permissible purpose to obtain plaintiff's credit report.

6. Motion to Dismiss is improper in this case because there are genuine issues of fact on each element of plaintiff's cause of action for violations of the FDCPA: (1) false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (2) false representation of the character, amount, or legal status of any debt (3) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## Statement of Facts

7. Defendant does not argue that they obtained the credit report of the plaintiff.
8. Defendant does not argue that they sent a collection letter to the plaintiff.
9. On Page 5 of defendant's Memorandum in Support of Motion to Dismiss defendant states that NCB Management Services Incorporated "received an account in plaintiff's name from HSBC relating to a credit transaction of the plaintiff, had reason to believe plaintiff owed the debt, and therefore had a permissible purpose to access plaintiff's consumer report".
10. There is no documentation whatsoever annexed to the pleading to evidence any "credit transaction" by a Melanie B. Ferlito.
11. There is a NCB Collection Letter dated November 18, 2011 ("Letter") attached to the Motion to Dismiss stating that the "account has been referred to this office for collection".

12. There is no documentation whatsoever annexed to the Letter or the pleading to evidence any contract or any other visible evidence of any alleged "account" with a Melanie B. Ferlito.

13. There are no documents purporting to evidence a transfer of ownership or purporting legal standing to collect on the alleged "account" to NCB Management Services Incorporated or any documentation showing the actual existence of any alleged "account" from HSBC.

14. The Defendant states that it is a "credit card account" that the defendant is referring to as being acquired by NCB Management Services Incorporated which does not give them any permissible purpose to pull the credit report of the Plaintiff <u>even if such "account" existed</u> which has not been established through evidence before the court.

15. There is no verified evidence **in any form** that has been entered into the court record showing any account numbers, amounts alleged to be due, date of origination of the alleged "account", current status, or dates and terms of transfer of ownership or legal standing to collect on the alleged "account".

16. Other than simple generic and non-specific information in the Letter written by the Defendant there is no evidence in any form of any "account" of Melanie B. Ferlito existing that would allow any permissible purpose for the defendant to obtain the credit report of the plaintiff under the FCRA or to attempt to collect a debt under the FDCPA.

17. At no time has the defendant **in any form** ever even attempted to validate the alleged debt.

18. At no time has the defendant **in any form** ever attempted to prove they had "reason to believe" the alleged debt existed.

## Standard of Review

19. Although a Motion to Dismiss is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant a Motion to Dismiss. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

20. A defendant who seeks a Motion to Dismiss on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Defendant cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of his claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.* 477 U.S. at 327, 106 S.Ct. at 2555. Only if defendant meets their burden is plaintiff required to respond to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

21. In determining whether there is a disputed issue of material fact, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 229 F.3d 1233, 1236-37 (10th Cir. 2002).

## Argument

22. For the defendant to successfully argue for Motion to Dismiss they must show that there are no material fact issues as to any elements of the plaintiff's cause of action where the element is whether defendant had permissible purpose to obtain plaintiff's credit report or to attempt to collect on a non-existent alleged debt.

23. The defendant must therefore prove **through evidence before the court** rather than conclusory statements or speculation that they had a permissible purpose to pull the **plaintiff's credit report and to attempt to collect a non-existent alleged debt.**

24. The only evidence offered by the defendant is a Letter written by the defendant which states nothing more than that that the defendant is attempting to collect a debt.

25. The Motion to Dismiss states there is an account acquired by NCB Management Services Incorporated that allegedly originated with HSBC but there is no documentation on the record whatsoever to show that that had occurred.

26. The Motion to Dismiss states that NCB Management Services Incorporated had permissible purpose because it had "reason to believe" based on a "credit transaction" of the plaintiff, but there is no documentation on the record whatsoever to show that any "credit transaction" occured.

27. There is not one document in the record submitted by defendant as <u>verified evidence</u> to show the existence of any "credit transaction" or of any alleged "account" indicating what type of account it is, who the alleged original creditor is, its origination date, any amounts that may be owed, any contract, or any other identifying information regarding the alleged account.

28. The Motion to Dismiss does nothing more than refer to facts not in evidence and refers to transactions and ownership of the alleged account where there is no verified evidence of said alleged facts or events before the court.

29. The statements in the Motion to Dismiss are nothing more than hearsay, are not supported by any verified documentation whatsoever and should not be considered by the court.

30. The statements in defendant's Motion to Dismiss attempting to use their own written letter, with no other evidence to support it as a grounds for Motion to Dismiss, are conclusory

without question and cannot support a Motion to Dismiss. *See Celotex Corp.* 477 U.S. at 327, 106 S.Ct. at 2555.

## Objections

31. The evidence submitted in support of defendant's Motion to Dismiss should not be considered by the court because it is not properly authenticated, is hearsay, and refers to facts not in evidence before the court. The court should strike the following Motion to Dismiss proof:

    A. <u>NCB Collection Letter.</u> Defendant relies on a defective Letter.
       a) Defendant sole evidence is the NCB Collection Letter ("Letter") written by and for the benefit of NCB Management Services Incorporated.
       b) The Letter refers to facts not in evidence before the court.
       c) The Letter has not been authenticated before the court and is hearsay.

    B. <u>Statements in Motion to Dismiss Amended Complaint.</u>
       d) Statements, such as "an account in plaintiff's name from HSBC relating to a credit transaction" and "reason to believe" refer to facts not in evidence before the court.
       e) The statements have not been authenticated before the court and are hearsay.

## Motion to Dismiss Evidence

32. In support of her response, plaintiff includes the following evidence in the attached appendix:

    a) Affidavits. The affidavit of Melanie B. Ferlito establishes the fact that there is no evidence before the court that there is an account of Melanie B. Ferlito in existence, that there is a credit transaction of Melanie B. Ferlito, or that NCB Management Services Incorporated is the owner or has legal standing to collect on the alleged account and would have permissible purpose to obtain plaintiff's credit report.

## Conclusion

33. The defendant has not met their burden to show there are no material facts at issue for any element of the plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lunch Props.*, 140 F.3d at 625. The defendant has proffered nothing more than a generic Letter written by the defendant with statements in the Motion to Dismiss that reference alleged facts and events where no evidence has been brought before the court to substantiate the alleged claims of owning or legal standing to collect on an "account" which would give them permissible purpose to obtain plaintiff's credit report.

WHEREFORE, because the Defendant has failed to show there are no issues of material fact before the Court the Plaintiff respectfully requests the Court deny the Defendant's Motion to Dismiss, strike the Defendant' letter and allow Plaintiff's claim to move forward to trial on the merits.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law,

Dated: 2nd day of May 2012
Respectfully Submitted,

*Melanie B. Ferlito*
Melanie B. Ferlito
4920 Arbor Chase Drive
Raleigh, NC 27616
919-878-8174
ferlitos@nc.rr.com

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was mailed USPS first class mail to the persons listed below:

Daughton & Rich PLLC
633 West Fourth Street – Suite 150
Winston-Salem, NC 27101
*Attorney for Defendant,*
*NCB Management Services. Inc.*

Dated: 2nd day of May 2012
Respectfully Submitted,

*[signature: Melanie B. Ferlito]*

Melanie B. Ferlito
4920 Arbor Chase Drive
Raleigh, NC 27616
919-878-8174
ferlitos@nc.rr.com